ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Lockheed Martin Corporation | ) ASBCA No. 62377 |
| | ) |
| Under Contract No. N00019-11-C-0083 *et al.* | ) |

APPEARANCES FOR THE APPELLANT:     Nicole J. Owren-Wiest, Esq.
                                   Catherine Shames, Esq.
                                   Eric Ransom, Esq.
                                     Crowell & Moring LLP
                                     Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Arthur M. Taylor, Esq.
                                     DCMA Chief Trial Attorney
                                   Peter M. Casey, Esq.
                                   Debra E. Berg, Esq.
                                     Trial Attorneys
                                     Defense Contract Management Agency
                                     Hanscom AFB, MA

OPINION BY ADMINISTRATIVE JUDGE SWEET

This appeal is a declaratory action regarding whether the Fly America Act, 49 U.S.C. § 40118 (FAA) and Federal Acquisition Regulation (FAR) 52.247-63 only apply to direct personnel performing direct work on covered contracts, or also apply to indirect personnel or indirect travel. On August 3, 2020, the government moved to dismiss this appeal, arguing that we do not possess jurisdiction because appellant Lockheed Martin Corporation (Lockheed Martin) did not submit a claim seeking a sum certain to the Corporate Administrative Contracting Officer (CACO), and the contract the government allegedly breached was not a contract within the meaning of the Contract Disputes Act, 41 U.S.C. § 7101 *et seq.* In the alternative, the government argues that we should exercise our discretion, and decline to grant declaratory relief because there is no live dispute. Lockheed Martin disputes each of those arguments.

For the reasons discussed below, we decline to grant declaratory relief because there is no live dispute. Therefore, we do not address the government's alternative arguments, grant the motion to dismiss, and dismiss this appeal without prejudice to file a new appeal in the event a live dispute arises.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On April 10, 1997, the government and Lockheed Martin executed a memorandum of understanding (MOU), under which the parties agreed that the FAA only applied to direct personnel performing direct work on covered contracts, and did not apply to indirect personnel or indirect travel (R4, tab 2).

2. On April 25, 2019, the CACO sent Lockheed Martin a letter, stating that the government was withdrawing from the MOU because the MOU misinterpreted FAR 52.247-63 (withdrawal letter) (R4, tab 15).

3. In a declaration, Chad F. Connell—Lockheed Martin's Vice President of Government Finance and Compliance—states that the government has not denied payment or disallowed any indirect costs of international transport on the basis of noncompliance with the FAA and FAR 52.247-63 (app. resp. at ex. 1, Connell decl. ¶ 9). Moreover, Lockheed Martin "has not made any change whatsoever to its billing, accounting, or international air transportation practices" (*id*. ¶ 8). Indeed, Lockheed Martin "did not perceive the withdrawal letter as mandating any action be taken to [align] Lockheed Martin's accounting or international air transportation practices with the Government's newly advanced interpretation of the FAA and FAR 52.247-63" (*id*. ¶ 7). We have carefully searched this declaration for a statement about any way that the government's withdrawal from the MOU has affected Lockheed Martin and we have found nothing.

4. On June 27, 2019, Lockheed Martin submitted a claim to the CACO, requesting an interpretation of the FAA and FAR 52.247-63 (R4, tab 16 at 310-11). The claim indicated that Lockheed Martin would continue to operate in compliance with the MOU (*id*. at 316).

5. On October 30, 2019, the CACO issued a final decision on Lockheed Martin's claim, interpreting the FAA and FAR 52.247-63 as applying to indirect costs of international transportation (R4, tab 18).

6. Lockheed Martin appealed that decision to the Board, seeking a declaration that the FAA and FAR 52.247-63 only apply to direct foreign air transportation costs, and do not apply to indirect costs (compl. ¶ 47).

## DECISION

Assuming, without deciding, that we possess jurisdiction over Lockheed Martin's claim for declaratory relief, we decline to grant such relief because there is no live dispute between the parties. We may decline to grant declaratory relief if (1) the claim does not involve a live dispute between the parties; (2) a declaration will not resolve that dispute;

2

or (3) the legal remedies available to the parties are adequate to protect their interests. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1271 (Fed. Cir. 1999). A live dispute exists where a disagreement clearly exists, has significant ramifications, and continues to impact the contractor. *Kellogg Brown & Root Services, Inc.*, ASBCA No. 58578, 13 BCA ¶ 35,411 at 173,712 (holding that a live dispute existed when the Defense Contract Audit Agency (DCAA) issued a Notice of Contract Costs Suspended and/or Disapproved Form stating that DCAA disapproved the costs, the contracting officer (CO) sent a letter indicating that contractor's interpretation of the contract was based upon bad assumptions, and there was a *qui tam* action pending against the contractor regarding its interpretation of the contract).

Here, Lockheed Martin argues that, under *Kellogg Brown & Root*, the withdrawal letter has had significant ramifications for, and a continuing impact upon, Lockheed Martin. However, unlike in *Kellogg Brown & Root*, there was no DCAA Notice of Contract Costs Suspended and/or Disapproved Form stating that DCAA disapproved the costs, or a *qui tam* action. Moreover, the withdrawal letter in this case is different than the CO letter in *Kellogg Brown & Root* because—contrary to Lockheed Martin's argument that the government's interpretation of the FAA and FAR 52.247-63 requires Lockheed Martin to change its international air transportation or cost accounting systems, processes, policies, and employee training (app. resp. 23-24; app. supp. resp. 8-9)— Mr. Connell declares that Lockheed Martin has not made "any change whatsoever to its billing, accounting, or international air transportation practices" as a result of the withdrawal letter (SOF ¶ 3). Indeed, Mr. Connell concedes that Lockheed Martin does not even view the withdrawal letter as mandating that it take any action (SOF ¶ 3).* Therefore, Mr. Connell's declaration establishes that any dispute has not had significant ramifications for, or a continuing impact upon, Lockheed Martin. As a result, unlike in *Kellogg Brown & Root*, this appeal does not involve a live dispute, and we exercise our discretion by declining to grant declaratory relief. *Alliant Techsystems*, 178 F.3d at 1270-71; *Kellogg Brown & Root Services*, 13 BCA ¶ 35,411 at 173,711-13.

---

* It is not necessary for the government to disallow costs in order for there to be a live dispute. *TRW, Inc.*, ASBCA Nos. 51172, 51530, 99-2 BCA ¶ 30,407 at 150,330-32. However, here, not only has the government failed to disallow any costs (SOF ¶ 3), but Lockheed Martin has not even taken any action in response to the withdrawal letter, and does not view the withdrawal letter as mandating any action (SOF ¶ 3).

CONCLUSION

For the reasons discussed above, we exercise our discretion and decline to grant declaratory relief because there is not a live dispute. Therefore, the motion is granted, and we dismiss this appeal without prejudice to file an appeal, if and when a live dispute arises.

Dated: January 7, 2021

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62377, Appeal of Lockheed Martin Corporation, rendered in conformance with the Board's Charter.

Dated: January 8, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4